**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 98-30297
Summary Calendar**

_____

**UNITED STATES OF AMERICA**

**Plaintiff-Appellee,**

**versus**

**FREDRICK D. LAWSON, JR.**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 97-CR-10016-1**

**February 15, 1999**

Before KING, Chief Judge, and BARKSDALE and STEWART, Circuit
Judges.

PER CURIAM:[*]

Fredrick D. Lawson, Jr., appeals his conviction for
distribution of cocaine base. The sale in issue was to an
undercover officer, who testified at trial, as did Lawson.

Lawson contends that his counsel was ineffective for failing
to move for a judgment of acquittal at the close of the evidence
(he had so moved at the close of the Government's case, prior to

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lawson testifying); and that the evidence was insufficient for finding guilt beyond a reasonable doubt.

After reviewing the record and arguments on appeal, we conclude that Lawson was not prejudiced by counsel's not then seeking judgment of acquittal because, even had counsel done so, the motion would have been denied. Restated, the evidence was sufficient for conviction. *See **United States v. Rosalez-Orozco***, 8 F.3d 198, 199 (5th Cir. 1993).

On the merits of the sufficiency claim, and because the motion for judgment of acquittal was not made at the close of the evidence, we review under a far more restricted standard. Lawson must demonstrate plain error or a manifest miscarriage of justice based upon insufficiency of the evidence. *See **United States v. Pierre***, 958 F.2d 1304, 1310 (5th Cir. 1992)(en banc); ***United States v. Vaquero***, 997 F.2d 78, 82 (5th Cir. 1993). As reflected above, he fails to do so.

**AFFIRMED**